THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFONSO MIRESI, Otherwise Known as AL MEYERS, Relator, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JOSEPHINE KHVEDCHINIA, Appellant, against THE GREENWOOD CEMETERY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied, without costs. Motion to remit case to [State] Industrial Board for further hearing denied. [See ante, p. 717.] Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

SPARKILL REALTY CORPORATION and STANDARD TRAP ROCK CORPORATION, Respondents, v. THE STATE OF NEW YORK, Appellant. (Claim No. 19587.) — Motion by appellant to amend decision and order of this court denied. Decision and order are amended in accordance with the cross-motion submitted by the respondents. [See ante, p. 78.] Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

ELIZABETH CRANDALL, Respondent, v. CITY OF AMSTERDAM, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of JAMES J. DILLON, Appellant, against SCHAPP BEEF Co. and TRAVELERS INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

PAULINE ROTHENBERG, Appellant, v. JOSEPH WANDER and THE WANDER BROS., INC., Respondents.— Appeal from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on April 20, 1937, upon a decision of an official referee dismissing the complaint upon the merits and granting defendants judgment against the plaintiff for $109 costs. The plaintiff claimed that the defendants, while acting as her agents for the purpose of selling real estate, violated their trust and made a secret profit on the transaction. The official referee found that no agency existed and that the defendants were acting for the seller and not for the buyer and that they had not been employed by the plaintiff. The facts sustain this finding. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.